**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-8116**
_____

DION ORLANDO TAYLOR,

    Plaintiff - Appellant,

   v.

SGT. MICHAEL LANG, in individual and official capacity,

    Defendant - Appellee,

   and

MAJOR EICHELBERGER; WARDEN LEVERN COHEN; LT. S. LOWERY; M.
E. MONTOUTH, Grievance Coordinator, all in individual and
official capacities,

    Defendants.

_____

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Henry M. Herlong, Jr., Senior
District Judge. (0:10-cv-02327-HMH)

_____

Submitted:  May 24, 2013    Decided:  June 13, 2013

_____

Before WILKINSON, KING, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Dion Orlando Taylor, Appellant Pro Se.  Thomas A. Bendle,
William T. Young, III, HOWELL, GIBSON & HUGHES, PA, Beaufort,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dion Orlando Taylor, a South Carolina state prisoner, appeals from a jury verdict in favor of prison guard Michael Lang on Taylor's claim that Lang subjected him to an excessive use of force, in violation of the Eighth Amendment. Taylor also moves for the preparation of a transcript at the government's expense. We deny the motion and affirm.

Considering Taylor's challenge to several of the district court's evidentiary rulings, we find that Taylor has not plausibly suggested an abuse of discretion. United States v. Lighty, 616 F.3d 321, 351 (4th Cir. 2010); United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008).

Further, assuming that the district court dismissed Taylor's official-capacity claim against Lang, we find that such a disposition was clearly appropriate because Taylor failed to allege or otherwise establish facts suggesting his entitlement to injunctive relief. Shenandoah Valley Network v. Capka, 669 F.3d 194, 201-02 (4th Cir. 2012); Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 874-75 (4th Cir. 1989).

Finally, there is no support in the record for Taylor's speculation that the district court failed to record the pre-trial evidentiary hearing. See Wyatt v. United States, 591 F.2d 260, 265 (4th Cir. 1979) (general presumption of regularity attends all judicial acts). Even assuming such an

3

omission occurred, Taylor has not established resulting prejudice sufficient to warrant a new trial. United States v. Brown, 202 F.3d 691, 696 (4th Cir. 2000).

Accordingly, we conclude that Taylor has not made the showing necessary to justify the preparation of a transcript at government expense, deny his motion for such, and affirm the jury's verdict. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED